UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA WYAN,

        Plaintiff,

v.                                    Case No:   6:14-cv-29-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## MEMORANDUM OF DECISION

Laura Wyan (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits and supplemental security income. Doc. No. 1.[1] Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) assigning her treating psychiatrist's opinions "appropriate weight" and failing to provide good cause for not adopting or accounting for those opinions in her RFC determination; 2) failing to consider whether she meets or equals Listing 12.06; and 3) finding her testimony concerning her pain and limitations not credible. Doc. No. 20 at 13-20, 23. Claimant also argues that the Appeals Council erred by determining that evidence submitted after the hearing did not relate to the period of time before the hearing. *Id*. at 20-23. Claimant argues that the matter should be reversed for an award of benefits, or, in the alternative, remanded for further proceedings. *Id*. at 24. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

---

[1] Claimant alleged disability beginning August 1, 2008.  R. 13.

**I.       STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir.1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.      ANALYSIS.**

Claimant argues that the ALJ erred by giving Dr. Sunita Tikku's opinions "appropriate weight" and by failing to provide good cause for not adopting or accounting for Dr. Tikku's opinions in her RFC determination.  Doc. No. 20 at 13-19.   Weighing the opinions and findings

of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.  In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id.* at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The record reveals that Dr. Tikku, a psychiatrist, treated Claimant on twelve (12) occasions between December 9, 2010 and October 4, 2012.  R. 400-4, 457-68, 746-55, 795-98.  Therefore, Dr. Tikku qualifies as a treating physician.  20 C.F.R. § 404.1502.  On June 28, 2012, the ALJ conducted a hearing, during which she heard testimony from Claimant, who was represented, and a vocational expert.  R. 40-81.  On July 6, 2012, the ALJ conducted a second hearing, during which Dr. Tikku testified.  R. 84-107.[2]  Dr. Tikku testified that she diagnosed Claimant with mood disorder unspecified.  R. 86.  As a result of this impairment and its symptoms, particularly Claimant's racing thoughts, Dr. Tikku testified that Claimant suffers "marked" limitations in her ability to: 1) remember work like procedures; 2) maintain attention for two hour segments; 3) work in coordination with or proximity to others without being unduly distracted; and 4) respond

---

[2] Claimant's representative was present at the hearing, but Claimant was not.  R. 84.

appropriately to changes in a routine work setting. R. 88-90.[3] Dr. Tikku also testified that Claimant suffers "moderate" limitations in her ability to: 1) understand and remember very short and simple instructions; 2) carry out very short and simple instructions; 3) interact appropriately with the general public; and 4) maintain socially appropriate behavior. R. 89-90. Dr. Tikku further testified that Claimant "cannot tolerate the stress of [the] work environment because she gets easily overwhelmed" and will have difficulty completing work related tasks. R. 88, 104.

At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform a light work as defined by 20 C.F.R. § 404.1567(b) with the following additional limitations:

> [N]o more than occasional climbing of ramps and stairs, bending, balancing, stooping, squatting, crouching, crawling, and kneeling; no climbing of ladders, ropes, and scaffolds; must avoid heights and dangerous machines; <u>contact with public, coworkers, and supervisors can be occasional, but transaction should be superficial; and is limited to low stress jobs with no more than 3-steps.</u>

R. 17 (emphasis added). The ALJ's decision contains a detailed and accurate discussion of Dr. Tikku's treatment notes and testimony. R. 20-23. Ultimately, the ALJ assigned "appropriate weight" to Dr. Tikku's opinions. R. 23. In doing so, the ALJ found Dr. Tikku's opinions are not supported by her treatment notes and inconsistent with the other medical evidence of record, especially the opinions of Dr. Malcom Graham, a clinical psychologist and one-time consultative examiner who examined Claimant on February 7, 2011. R. 23 (citing R. 400-4, 429-32, 457-68, 746-55).

As previously discussed, the ALJ is required to state with particularity the weight given

---

[3] "Marked" means "more than moderate but less than extreme;" marked restriction occurs when the degree of limitation seriously interferes with a claimant's ability to function "independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C).

to medical opinions, such as Dr. Tikku's, and the reasons therefor. *Winschel*, 631 F.3d at 1178-79. The Commissioner maintains that the ALJ's explanation for assigning "appropriate weight" to Dr. Tikku's opinion and her discussion of the medical evidence indicates that she gave Dr. Tikku's opinion "some weight, but not great or controlling weight." Doc. No. 23 at 10. The Court is not persuaded. Assigning "appropriate weight" to a medical opinion is essentially meaningless because it places the Court in the improper position of having to infer what weight the ALJ assigned to the physician's opinions. *See Varner v. Astrue*, Case No. 3:09-cv-1026-J-TEM, 2011 WL 1196422, at *11 (M.D. Fla. Mar. 29, 2011) (finding the assignment of "appropriate weight" to medical opinions was not sufficiently particular). The ALJ's RFC determination contains less restrictive limitations than those opined by Dr. Tikku and the ALJ's decision fails to state with particularity the weight given to Dr. Tikku's opinion. *Compare* R. 17 *with* R. 88-90, 104.[4] Accordingly, the Court finds that the ALJ erred by failing to state with particularity the weight she assigned to Dr. Tikku's opinions.[5]

The Court must next address Claimant's bald request that the case be remanded for an award of benefits. Doc. No. 20 at 24. Claimant devotes no portion of her brief to her request that the case be remanded for an award of benefits. *See* Doc. No. 20. Instead, Claimant simply includes a request that the case be remanded for an award of benefits in the conclusion of her brief. *Id.* at 24. Simply put, reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th

---

[4] For example, the ALJ concluded that Claimant could perform low stress work despite Dr. Tikku's opinion that Claimant "cannot tolerate the stress of [the] work environment." R. 17, 22, 88.

[5] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

Cir. 1993) (disability beyond a doubt warrants award of benefits); *see Walden*, 672 F.2d at 840. Here, neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 27, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Teresa J. McGarry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224